## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| DOUGLAS ALMEIDA, Personal Representative of the Estate of KHOEUN ALMEIDA, | ) ) ) ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| v. | ) | |
| EXACT SCIENCES LABORATORIES, LLC, and EXACT SCIENCES CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL OF DEFENDANTS
## EXACT SCIENCES LABORATORIES, LLC, AND
## EXACT SCIENCES CORPORATION

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Exact Sciences Laboratories, LLC, and Exact Sciences Corporation ("Exact Sciences Defendants") remove the action styled *Douglas Almeida, Personal Representative of the Estate of Khoeun Almeida v. Exact Sciences Laboratories, LLC, and Exact Sciences Corp.*, pending in the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE-23-009458, to the United States District Court for the Southern District of Florida.

The United States District Court for the Southern District of Florida has original subject matter jurisdiction over this civil action under 28 U.S.C. §§ 1332 and 1441. This is a wrongful death action and Plaintiffs' allegations reveal that the amount in controversy exceeds $75,000, exclusive of interest and costs; further, in light of Plaintiff's voluntary dismissal (on November 17, 2023) of the in-state defendants, there is now complete diversity among the parties and the action is timely removed under 28 U.S.C. § 1446(b)(3).

1

The 17th Judicial Circuit in and for Broward County, Florida is located in the Southern District of Florida, *see* 28 U.S.C. § 89(c), and venue is proper in this Court under 28 U.S.C. § 1441(a) because the Southern District of Florida embraces the place in which the removed action was pending.

## PROCEDURAL HISTORY

1.      On March 22, 2023, Plaintiffs Khoeun Almeida and Douglas Almeida filed a case styled *Khoeun Almeida, Individually, Douglas Almeida, Individually, and Khoeun Almeida and Douglas Almeida, as Husband and Wife v. Exact Sciences Corp.*, in the 17th Judicial Circuit in and for Broward County, Florida, Case No. CACE-23-009458. Pls. Compl., Mar. 22, 2023.

2.      On March 31, 2023, Plaintiffs amended the Complaint to add Exact Sciences Laboratories, LLC, as a defendant.  Pls.' Am. Compl., Mar. 31, 2023.

3.      On May 10, 2023, Plaintiffs filed a Motion to Amend the Complaint, requesting to add two in-state (Florida) defendants: Laura Ziton, D.O., and Central Medical Group, P.A. Pls.' Mot. to Amend, May 10, 2023.

4.      On May 12, 2023, the state court granted Plaintiffs' Motion to Amend. Order on Pls. Mot. to Amend, May 12, 2023.

5.      On May 15, 2023, Plaintiffs filed their Second Amended Complaint. Pls.' Second Am. Compl., May 15, 2023.

6.      Khoeun Almeida died on June 4, 2023, and on June 23, 2023, Plaintiff Douglas Almeida filed a motion seeking substitution of parties and for leave to amend the Second Amended Complaint to add a claim for Wrongful Death. Mot. for Sub. of Party and Mot. for Leave to Amend Second Am. Compl. to Add Wrongful Death Claims, June 23, 2023.  The motion was granted on July 10, 2023. Order, July 10, 2023.

7.      On July 11, 2023, Plaintiff Douglas Almeida, as Personal Representative of the Estate of Khoeun Almeida, filed the Third Amended Complaint, styled *Douglas Almeida, as the Personal Representative of the Estate of Khoeun Almeida v. Exact Sciences Laboratories, LLC, Exact Sciences Corp., Laura Ziton, D.O., and Central Medical Group, P.A.* Pl. Third Am. Compl., July 11, 2023.

8.      The Third Amended Complaint is the operative complaint (hereinafter also "the action"), and Plaintiff brings the action under the Florida Wrongful Death Act, Fla. Stat. Ann. 768.16-768.26, and asserts claims against Exact Sciences Laboratories, LLC, for Negligence (Count I), Exact Sciences Corporation for Negligence (Count II), Laura Ziton, D.O. for "Liability" (Count III), and Central Medical Group, P.A. for Negligence/Vicarious Liability (Count IV). *See* Pl. Third Am. Compl.

9.      On or about November 16, 2023, Plaintiff voluntarily dismissed all claims against the in-state Defendants, Laura Ziton, D.O. and Central Medical Group, P.A. Final Order of Dismissal with Prejudice as to Defendants, Laura Ziton, D.O. and Central Medical Group, P.A., Nov. 16, 2023. Therefore, the only remaining Defendants are Exact Sciences Laboratories, LLC, and Exact Sciences Corporation.

## **GROUNDS FOR REMOVAL**

Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States."

Both requirements are satisfied here: the amount in controversy is satisfied by virtue of the claims, including claims for wrongful death, brought Plaintiff; and now that the in-state (non-diverse) Defendants have been voluntarily dismissed by Plaintiff, the only remaining defendants are completely diverse from Plaintiff.

A.      **COMPLETE DIVERSITY**

1.      For purposes of determining citizenship, Plaintiff Douglas Almeida is deemed to be a citizen of the same State as the decedent. *See* 28 U.S.C. § 1332(c)(2).

2.      Plaintiff's Third Amended Complaint and answers to discovery show that Khoeun Almeida's domicile was the State of South Carolina. *See* Third Am. Compl., ¶14 (Khoeun Almeida died in Simpsonville, SC); *see also* Pl. Ans. to Exact Sciences Labs.' First Set of Interrog., Sept. 25, 2023 (residence in South Carolina since 2021), attached hereto as Exhibit 1.[1]

3.      For purposes of determining Defendants' citizenship, Defendants allege that Defendant Exact Sciences Corporation is the only member of Defendant Exact Sciences Laboratories, LLC, and Defendant Exact Sciences Corporation is incorporated in the state of Delaware with its principal place of business in Wisconsin. Therefore, for purposes of diversity jurisdiction, both Defendants are citizens of the States of Delaware and Wisconsin. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); *Technolojoy, LLC v. BHPH Consulting Servs., LLC,* 2023 WL 3884619, at *1 (11th Cir. June 8, 2023) ("a limited liability company is a citizen of any state of which one of its members is a citizen") (citations omitted).

---

[1] There appear to be typographical errors in these answers where Plaintiff identifies "NC" instead of "SC" in some of the Interrogatory Answers. Review of the zip code (29860) provided in the answers confirms that Simpsonville is located in South Carolina. Further, as cited above, the Third Amended Complaint states Khoeun Almeida died in Simpsonville, SC, which provides further support to suggest the discovery answers' references to NC were in error. *See also* Obituary, Khoeun Tuy Almeida Obituary (1970 - 2023) | Simpsonville, South Carolina (echovita.com).

Alternatively: Plaintiff underwent care in Florida and stated in other discovery answers that the Will of Khoeun Almeida was filed in the Probate Court for Broward County, Florida. *See* Pl. Ans. to Ziton Wrongful Death Interrog. ¶9, attached hereto as Exhibit 2. Yet even if Plaintiff were deemed to be a citizen of Florida instead, that is of no consequence as there is still complete diversity between Plaintiff (whether SC or FL) from the Exact Science Defendants.

4.      Because no currently named Defendant (WI and DE) is a citizen of the same state as Plaintiff (SC (or FL)), there is complete diversity of citizenship between the existing parties.

B.      **AMOUNT IN CONTROVERSY**

5.      Under 28 U.S.C. § 1332(a)(1), the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs.

6.      Under 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014) (evidence establishing the amount in controversy is only required where the plaintiff contests the amount or the court questions the allegation); *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 754 (11th Cir. 2010) ("When the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.") (citations omitted); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (amount in controversy satisfied where it is "'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'").[2]

---

[2]  "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount.' Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am*., 613 F.3d at 1061-62 (internal citations and quotations omitted); *see also, e.g., Packer v. Kimberly-Clark Worldwide, Inc.,* 608 F. Supp. 3d 1192, 1194 (M.D. Fla. 2022) (same).

7.      Here, it is facially apparent that Plaintiff seeks to recover damages in this action exceeding the $75,000 threshold: Plaintiff alleges in the Third Amended Complaint that the Exact Sciences defendants breached their alleged duties and that the negligence directly and proximately resulted in the death of Ms. Almeida (*see* Third Am. Compl., ¶42-51). Plaintiff seeks to recover all damages, costs and other further relief as permitted by law "in excess of the jurisdictional limits" of the state court (e.g. *id.* at p. 11, 14 "wherefore" paragraphs), and Plaintiff "claims all damages allowed by law including but not limited to lost earnings, loss of net accumulations and medical and funeral expenses (*id*. ¶45, 50), and also "claims all damages allowed by law including, but not limited to loss of decedent's companionship and protection, mental pain and suffering, and loss of support and services from the date of [Ms. Almeida]'s death in the past and in the future." *Id*. ¶46, 51. Plaintiff specifically seeks to recover all damages available under the Florida Wrongful Death Act; the applicable statute provides in part that "(1) Each survivor may recover the value of lost support and services from the date of the decedent's injury to her or his death, with interest, and future loss of support and services from the date of death and reduced to present value. In evaluating loss of support and services, the survivor's relationship to the decedent, the amount of the decedent's probable net income available for distribution to the particular survivor, and the replacement value of the decedent's services to the survivor may be considered. In computing the duration of future losses, the joint life expectancies of the survivor and the decedent and the period of minority, in the case of healthy minor children, may be considered. (2) The surviving spouse may also recover for loss of the decedent's companionship and protection and for mental pain and

suffering from the date of injury." Fla. Stat. Ann. § 768.21(1)-(2). Given these allegations, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.[3]

## REMOVAL PROCEDURES HAVE BEEN SATISFIED

1.      All currently named Defendants join in the filing of this Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A).

2.      This "other paper" removal is timely filed under 28 U.S.C. § 1446(b)(3), which provides in relevant part that a "notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Here, Plaintiffs' voluntary dismissal of the non-diverse (in-state) defendants was entered by the state court on November 17, 2023, and this notice is filed within 30 days of Defendants' receipt of that document showing the case had become removable.

3.      Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be delivered to Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

4.      Immediately following the filing of this Notice of Removal, Defendants will file a copy of this Notice with the Clerk of the 17th Judicial Circuit in and for Broward County, Florida, as required by 28 U.S.C. § 1446(d).

---

[3] *See also Angrignon v. KLI, Inc.*, No. 08-81218-CIV, 2009 WL 506954, at *4 (S.D. Fla. Feb. 27, 2009) ("Based on the unchallenged factual allegation that a life was lost, the Court has engaged in a common sense evaluation of the types of damages that Plaintiff is seeking and concludes Defendant has established by a preponderance of the evidence that the amount in controversy is in excess of $75,000.").

## **CONCLUSION**

In closing, Defendants Exact Sciences Laboratories, LLC, and Exact Sciences Corporation give notice that the action bearing case number Case No. CACE-23-009458 in the 17th Judicial Circuit in and for Broward County, Florida, is removed to this Court.

Respectfully submitted,

*/s/ Jordan S. Cohen*
Jordan S. Cohen, Esquire
Florida Bar No. 551872
Victoria N. Sosa, Esquire
Florida Bar No. 1031025
WICKER SMITH O'HARA MCCOY & FORD, P.A.
*Attorneys for Exact Sciences Laboratories, LLC and Exact Sciences Corporation*
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Phone: (954) 847-4800
Fax: (954) 760-9353
ftlcrtpleadings@wickersmith.com