UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DOUGLAS ALMEIDA, as personal
representative of the estate of
KHOEUN ALMEIDA,

       Plaintiff,

                               Case No. 0:23-cv-62250-WPD

v.

EXACT           SCIENCES
LABORATORIES,   LLC,  and
EXACT           SCIENCES
CORPORATION,

       Defendants.

_____/

## PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND MEMORANDUM OF LAW

Plaintiff Douglas Almeida, as personal representative of the estate of Khoeun Almeida, moves the Court to remand this case back to state court because Defendants Exact Sciences Laboratories, LLC, and Exact Sciences Corporation did not timely remove the case to the United States District Court for the Southern District of Florida under 28 U.S.C. § 1446.

## I.   BACKGROUND

1.     Plaintiffs Khoeun Almeida and Douglas Almeida, her husband, filed a lawsuit against Exact Sciences Corporation on March 22, 2023, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. (DE 4-2.)

2.     Plaintiffs were alleged to be residents of Broward County at all material times (DE 4-2 at 1), whereas Exact Sciences Corporation was alleged to be a non-Florida corporation (*id.* at 2).

3.      As Defendants state in the notice of removal, Exact Sciences Corporation is a citizen of both Delaware and Wisconsin. (DE 1 at 4.)

4.      The Complaint contained two counts: one by Mrs. Almeida against Exact Sciences Corporation for negligence and a second by Mr. Almeida against Exact Sciences Corporation for loss of consortium. (DE 4-2 at 5–7.)

5.      On March 31, Plaintiffs filed an Amended Complaint against Exact Sciences Corporation that added as a party-defendant Exact Sciences Laboratories, a non-Florida LLC. (DE 4-3.)

6.      Plaintiffs were alleged to be residents of Broward County at all material times. (DE 4-3 at 1).

7.      As Defendants state in the notice of removal, Exact Sciences Laboratories is a citizen of both Delaware and Wisconsin. (DE 1 at 4.)

8.      The substance of the claims was the same, just with a third count against Exact Sciences Laboratories. (DE 4-3 at 6.)

9.      Plaintiffs effected service of process on Exact Sciences Laboratories on April 12. (DE 4-6.)

10.     Plaintiffs effected service of process on Exact Sciences Corporation on April 12. (DE 4-7.)

11.     Complete diversity among the parties existed at this time, assuming for the purposes of this motion that Mrs. and Mr. Almeida were domiciled in the state in which they were alleged to reside (Florida) in the Amended Complaint.[1]

---

[1] "'Domicile' is not necessarily synonymous with 'residence[.]'" *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

12.      On May 10, Plaintiffs filed a motion to replace the Amended Complaint with a Second Amended Complaint to add Florida defendants Laura Ziton, D.O., and Central Medical Group, P.A. (DE 4-11.)

13.      The parties having agreed to the motion, the state court entered an agreed order granting the motion on May 12. (DE 4-12.)

14.      In the Second Amended Complaint, Plaintiffs were alleged to be residents of Broward County at all material times. (DE 4-14 at 2.)

15.      In the Second Amended Complaint, the substance of the claims against Exact Sciences Laboratories and Exact Sciences Corporation was the same as those in the Amended Complaint. (DE 4-14.)

16.      On June 23, Mr. Almeida filed a motion for substitution of parties because his wife had died (Mr. Almeida would be the personal representative of his wife's estate) and to replace the Second Amended Complaint with a Third Amended Complaint that sought wrongful-death damages. (DE 4-27.)

17.      The state court entered an agreed order granting the motion. (DE 4-33.)

18.      In the Third Amended Complaint, the substance of the claims against Exact Sciences Laboratories and Exact Sciences Corporation was the same as those in the Amended Complaint. (DE 4-34.)

19.      In the Third Amended Complaint, Plaintiff was alleged to be a resident of Broward County at all material times. (DE 4-34 at 1.)

20.      In the Third Amended Complaint, Plaintiff alleged that his wife died in South Carolina on June 4. (DE 4-34 at 3.)

21.     On September 3, Plaintiff served answers to interrogatories on Exact Sciences Laboratories indicating that Mrs. and Mr. Almeida had resided in South Carolina since May 2021. (DE 1-1 at 5–6.)

22.     On September 5, Plaintiff served answers to interrogatories on Dr. Ziton stating that Mrs. Almeida's will was being probated in Broward County in a probate action filed August 11. (DE 1-2 at 9.)

23.     On November 16, Plaintiff filed a Stipulation for Order of Dismissal with Prejudice as to Defendants, Laura Ziton, D.O. and Central Imaging Group, P.A. (DE 4-124.)

24.     The state court entered a final order of dismissal with prejudice thereon the same day. (DE 4-123.)

25.     Now Exact Sciences Laboratories and Exact Sciences Corporation were the only remaining defendants.

26.     Defendants filed their notice of removal on November 27.

## II.     ARGUMENT

Plaintiff asks the Court to remand this case back to state court.

"A plaintiff may seek remand of a removed action based on two grounds: '(1) lack of subject matter jurisdiction; or (2) procedural defect in the removal of the case." *Hawkinson v. State Farm Mut. Auto. Ins. Co.*, 325 F. Supp. 3d 1293, 1296 (M.D. Fla. 2018) (Corrigan, J.) (quoting *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1043–44 (11th Cir. 2001)). This motion is based on the second ground—namely, that Defendants did not comply with the timeliness requirements of the removal statute, 28 U.S.C. § 1446.

As this Court has explained: "In removal actions the party that removes the claim to federal court bears the burden of demonstrating the existence of federal removal jurisdiction. Additionally,

federal courts are required to strictly construe removal statutes, since Congress' intent in enacting removal legislation is to restrict the jurisdiction of federal courts on removal." *Zia v. Med. Staffing Network*, 336 F. Supp. 2d 1306, 1308 (S.D. Fla. 2004) (cleaned up).

As relevant here, § 1446 provides:

**(a) Generally.—**

A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

**(b) Requirements; Generally.—**

**(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

….

**(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

§ 1446.

Defendants ground removal on § 1446(b)(3). They claim that the stipulation for the dismissal with prejudice of Dr. Ziton and Central Medical Group filed on November 16, 2023, constitutes an "other paper from which it may first be ascertained that the case is one which is or has become removable." (DE 1 at 7.) They say that, since they are the only defendants left, there is now complete diversity justifying removal under that provision. (*See id.* at 4–5, 7.)

However, the provision of the removal statute that applies is § 1446(b)(3). Both Exact Sciences Laboratories and Exact Sciences Corporation were served with the "initial pleading" on April 12. (DE 4-6; DE 4-7.) The thirty-day clock to remove under subsection (b)(3) started on that date and would run on May 12. Complete diversity existed until the evening of May 12, when Dr. Ziton and Central Medical Group were added in the Second Amended Complaint.[2] (DE 4-12 (agreed order entered at 7:11 p.m.).)

"The goal of the removal time period is to give defendants an adequate amount of time to file a notice of removal." *Sumner Cnty., Tennessee v. Small-Hammer*, No. 3:17-CV-00150, 2017 WL 959424, at *1 (M.D. Tenn. Mar. 13, 2017) (citing *Nicholstone Cos. v. ECAM Publications*, 742 F. Supp. 432, 433 (M.D. Tenn. 1990)). Both Exact Sciences Corp. and Exact Sciences Laboratories had the full thirty days to remove what was then a removable case. Despite having the full thirty days in which to file a notice, neither Exact Sciences Laboratories nor Exact Sciences Corporation did. They missed the only applicable thirty-day window; their November 27 notice is untimely.

Furthermore, Plaintiffs' motion for leave to file the Second Amended Complaint was filed on May 10, putting Defendants on notice that complete diversity of citizenship could soon come to an end. (DE 4-11.) Indeed, Defendants *agreed* to the amendment. (*See* DE 4-12 ("THIS CAUSE having come before the Court on the Agreement of the parties on Plaintiffs' Motion to Amend the Amended Complaint....").) That agreement should be construed as a "clear and unequivocal" waiver of the right to remove. *Small-Hammer*, 2017 WL 959424, at *1.

---

[2] This is all regardless of the change of residence of Mrs. and Mr. Almeida and her death—i.e., whether or not, assuming residence equals citizenship, they were citizens of Florida or South Carolina.

To circumvent the removal statute, Defendants would have to rely on the judicially created "revival exception." Judge Ungaro explained the exception:

> The "revival exception" allows a defendant who fails to exercise his removal rights on the first available basis to newly assert the right to remove based on the occurrence of certain later events. This narrow exception is limited to two types of cases: (1) where the plaintiff deliberately misleads a defendant about the true nature of the case until the thirty-day period expires; or (2) where an amended complaint fundamentally alters the nature of the case to such an extent that it creates an essentially new lawsuit.

*Doe v. Fla. Int'l Univ. Bd. of Trustees*, 464 F. Supp. 2d 1259, 1261 (S.D. Fla. 2006) (cleaned up).

An initial point to make about this exception is that, while other circuit courts have recognized the exception, the Eleventh Circuit has not. *See, e.g.*, *MSPA Claims 1 v. Allstate Ins. Co.*, No. 16-21148-CIV, 2016 WL 11214705, at *2–3 (S.D. Fla. July 7, 2016) (Scola, J.); *Nickle v. Israel*, No. 14-62952-CIV, 2015 WL 417828, at *2 (S.D. Fla. Jan. 30, 2015) (Gayles, J.). Following a detailed analysis of the issue, one Alabama federal district judge, Chief Judge William Steele, stated: "The Court does not believe that the Eleventh Circuit would recognize a 'revival exception' to Section 1446(b)(1) were the question presented." *Tucker v. Equifirst Corp.*, 57 F. Supp. 3d 1347, 1351 (S.D. Ala. 2014); *see also Daggett v. Am. Sec. Ins. Co.*, No. 08CV46FTM29DNF, 2008 WL 1776576, at *2–3 (M.D. Fla. Apr. 17, 2008) (John E. Steele, J.) (doubting whether the exception exists but, assuming it did, the exception did not apply to the case). This is the better view and Plaintiff respectfully urges the Court to adopt it. If the Court does so, Defendants' notice of removal was untimely; remand is warranted.

Assuming the revival exception did exist, however, Defendants have failed to satisfy it. There is no suggestion that Plaintiff deliberately misled Defendants about the true nature of the case until the thirty-day period expired. And Defendants are not relying on any "amended

complaint" that created an essentially new lawsuit. Instead, they rely on the stipulation for voluntary dismissal.

## III.     CONCLUSION

Defendants' removal of this case to the United States District Court for the Southern District of Florida under 28 U.S.C. § 1446 was untimely and improper. Plaintiff respectfully asks the Court to grant this motion and remand the case back to the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida.

Respectfully submitted,

By:     /s/ Peter J. Somera, Jr.
PETER J. SOMERA JR., ESQ.
Florida Bar No.: 0054267
PAUL M. SILVA, M.D., ESQ.
Florida Bar No.: 0319820
Somera & Silva, LLP
595 South Federal Highway, Suite 250
Boca Raton, FL 33432
Primary Email: pleadings@somerasilva.com
Secondary Email: litigation@somerasilva.com
(Counsel for Plaintiff)