UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DOUGLAS ALMEIDA, as personal
representative of the estate of
KHOEUN ALMEIDA,

       Plaintiff,

                                        Case No. 0:23-cv-62250-WPD

v.

EXACT               SCIENCES
LABORATORIES,   LLC,   and
EXACT              SCIENCES
CORPORATION,

       Defendants.
_____/

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S RENEWED MOTION TO REMAND TO STATE COURT AND MEMORANDUM OF LAW

       Plaintiff Douglas Almeida, as personal representative of the estate of Khoeun Almeida, replies to Defendants' Response to Plaintiff's Renewed Motion to Remand to State Court and Memorandum of Law (DE 14).

### I.    ARGUMENT

**A.  It was facially apparent from the Amended Complaint that the damages sought exceeded the jurisdictional minimum.**

       Defendants' argument that it was not facially apparent from the Amended Complaint that the amount in controversy exceeded the jurisdictional minimum is not a serious one.

       When, as here,

> a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper. In other cases, however, it may be facially apparent

from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages.

If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy.

Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount. Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Roe v. Michelin N. Am.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (cleaned up).

"[T]he removing defendant can certainly rely on these tools in assessing the allegations of the complaint itself." *Gates v. 84 Lumber Co.*, No. CIV.A. 15-0076-WS-N, 2015 WL 2345427, at *1 (S.D. Ala. May 14, 2015) (citation omitted).

Defendants agree that the operative complaint for removal purposes is the Amended Complaint. (Defs.' Resp. at 2.) Relevant here, the Amended Complaint alleged:

29.    In March 2023, KHOEUN ALMEIDA was diagnosed with stage IV metastatic colon cancer with involvement of lungs and other organs.

30.    KHOEHN ALMEIDA is under the care of various specialists for the permanent and irreversible injuries [s]he suffered as a result of the defendant's negligence and will require future medical care and services with a reduced life expectancy.

31.    Plaintiff is diagnosed with stage IV colon/rectal cancer and is currently receiving treatment for such condition and has suffered permanent and irreversible injuries as a result of Defendant's negligence.

(DE 4-3 at 5–6.) In Mrs. Almeida's negligence counts against Defendants, she alleged:

As a direct and proximate result of the negligence of the Defendant, the Plaintiff, KHOEUN ALMEIDA, suffered injury resulting in pain and suffering, disability,

disfigurement, mental anguish, loss of capacity of enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previous existing condition. The losses are either continuing or permanent in nature, and the Plaintiff, KHOEUN ALMEDIA, will suffer the losses in the future.

(*Id.* at 7, 8.) Mr. Almeida asserted a loss-of-consortium claim. (*Id.* at 9.)

Anyone would have to suspend reality and shelve common sense to conclude that the face of the Amended Complaint did not establish the jurisdictional amount, $75,000. At the time of the Amended Complaint, Mrs. Almeida was alive and suffering from ***stage IV metastatic colon cancer***. Given the nature of the disease and the medical treatment entailed, it is no surprise that cases involving cancer have been found to meet the jurisdictional minimum. *See, e.g.*, *Gates*, 2015 WL 2345427, at *1; *Caire v. Murphy Oil USA*, No. CIV.A. 13-4765, 2013 WL 5350615, at *2 (E.D. La. Sept. 23, 2013); *Sales v. Certain-Teed Corp.*, No. 3:14-CV-01542 CSH, 2014 WL 6085601, at *4–5 (D. Conn. Nov. 13, 2014); *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 241 (5th Cir. 2015).

Furthermore, in the Civil Cover Sheet that Plaintiffs filed in state court at the initiation of the lawsuit, they represented that the "estimated amount of the claim" was "over $100,000.00." (DE 4-1.) Although the Court would not have been bound by that representation had Defendants timely removed the case, *see Roe*, 613 F.3d at 1061, it certainly is relevant.

This case was originally removable on April 12, 2023, when Defendants were first served with the Amended Complaint—not, as Defendants contend, only upon the voluntary dismissal of the in-state defendants and based on the allegations and claims in the Third Amended Complaint. That is because, on April 12, there was complete diversity of citizenship and an amount in controversy satisfying the jurisdictional minimum. On that date, it could "first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Defendants had the full, statutory thirty days—from April 12 through May 12, when the state court granted Plaintiffs leave

to file a Second Amended Complaint—in which to file a notice of removal. *See id.* By failing to remove the case to this Court between those dates, Defendants waived the right to remove.

Defendants' November 27, 2023, notice of removal is untimely, and the Court should remand the case to the state court.

**B.   There is no revival exception.**

As an alternative to their (incorrect) argument that they timely and properly removed the case, Defendants argue the applicability of the so-called revival exception. Under the revival exception, the lapsed right to remove can be revived "where an amended complaint fundamentally alters the nature of the case to such an extent that it creates an essentially new lawsuit." *Doe v. Fla. Int'l Univ. Bd. of Trustees*, 464 F. Supp. 2d 1259, 1261 (S.D. Fla. 2006) (Ungaro, J.) (cleaned up).

However, as Plaintiffs explained in the motion, the Eleventh Circuit has not recognized this "exception," and there is no consensus among the Florida district courts that such an exception exists. (Motion at 7 (citing *MSPA Claims 1 v. Allstate Ins. Co.*, No. 16-21148-CIV, 2016 WL 11214705, at *2–3 (S.D. Fla. July 7, 2016) (Scola, J.); *Nickle v. Israel*, No. 14-62952-CIV, 2015 WL 417828, at *2 (S.D. Fla. Jan. 30, 2015) (Gayles, J.)).)

Defendants do not acknowledge these facts and make no attempt to explain why this Court should recognize the revival exception. The better view is that it does not exist. (*Id.* (quoting *Tucker v. Equifirst Corp.*, 57 F. Supp. 3d 1347, 1351 (S.D. Ala. 2014) (William Steele, C.J.)).)

**II.   CONCLUSION**

Defendants' removal of this case to the United States District Court for the Southern District of Florida under 28 U.S.C. § 1446 was untimely and improper. Plaintiff respectfully asks the Court to grant this motion and remand the case back to the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida.

Respectfully submitted,

By: /s/ *Peter J. Somera, Jr.*
   PETER J. SOMERA JR., ESQ.
   Florida Bar No.: 0054267
   PAUL M. SILVA, M.D., ESQ.
   Florida Bar No.: 0319820
   Somera & Silva, LLP
   595 South Federal Highway, Suite 250
   Boca Raton, FL 33432
   Primary Email: pleadings@somerasilva.com
   Secondary Email: litigation@somerasilva.com
   *(Counsel for Plaintiff)*