## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| DOUGLAS ALMEIDA, Personal Representative of the Estate of KHOEUN ALMEIDA, </br></br> Plaintiff, </br></br> v. </br></br> EXACT SCIENCES LABORATORIES, LLC, and EXACT SCIENCES CORPORATION, </br></br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 0:23-cv-62250-WPD |

**DEFENDANTS' SUR-REPLY TO PLAINTIFF'S RENEWED MOTION TO REMAND**

On January 2, 2024, Plaintiff filed a Reply to Defendants' Response to Plaintiff's Renewed Motion to Remand to State Court and Memorandum of Law. (ECF No. 16). Subject to the Court's ruling on their Motion for Leave, Defendants submit the following brief Sur-Reply:

Plaintiff's Reply failed to address case law cited in Defendants' Response, including cases from this Court (e.g., *Shapiro v. NuVasive, Inc.*, 2019 WL 275689 (S.D. Fla. Jan. 22, 2019) and collected cases) where cases were remanded because the amount in controversy was not facially apparent. The cases cited in Defendants' Response were like this matter, where no discovery had taken place and the plaintiff alleged serious personal injuries—but still did not satisfy the "facially apparent" standard to establish the amount in controversy. Plaintiff instead cited out-of-state (mostly out-of-Circuit) cases that are dissimilar from this matter: e.g., Plaintiff relies on cases unlike this one where discovery materials *were* already available (e.g., *Gates v. 84 Lumber Co.*, 2015 WL 2345427, at *1 (S.D. Ala. May 14, 2015) and the court was able to review interrogatory

1

answers;[1] or cases where the plaintiff was subjected to a toxic substance like asbestos at his workplace (e.g.,*Caire v. Murphy Oil USA*, 2013 WL 5350615 (E.A. La. Sept. 23, 2013), *Sales v. Certain-Teed Corp.*, 2014 WL 6085601 (D. Conn. Nov. 13, 2014), not the tangential "loss of chance" purported theory against a testing company that does not appear to be based on cognizable Florida law; or cases involving a class action (CAFA) (e.g., *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236 (5th Cir. 2015). In sum, Plaintiff offers no valid rejoinder to Defendants' explanation that the case was not removable under 28 U.S.C. § 14461(b)(1) at the time of the Amended Complaint. The case only became removable on or about November 16, 2023, when Plaintiff voluntarily dismissed the in-state defendants *and* the separate, statutory action under the Florida Wrongful Death Act[2] demonstrated that the amount in controversy had been satisfied.

Plaintiff also raised for the first time an argument that a Civil Cover Sheet, filed in state court when the action was initially commenced, stated that the "estimated amount of the claim" was "over $100,000." (ECF No. 16 at 3). Although Plaintiff notes in passing that "the Court would not have been bound by that representation," Defendants are attaching that document (ECF No. 4-1) to demonstrate the irrelevance of that document for purposes of evaluating the amount in controversy. Although Plaintiff failed to point this out in the Reply, the relevant portion of the Civil Cover Sheet explicitly provides that the "amount of claim" is "for data collection and clerical processing purposes only" and "shall not be used for any other purpose:"

---

[1] In any event, there would not have been sufficient time to have done any such discovery on the amount in controversy in state court before Plaintiff again amended the complaint to add the in-state defendants. Plaintiff moved for leave on May 10, 2023, the state court granted that request on May 12, 2023, and the Second Amended Complaint was filed May 15, 2023.

[2] Plaintiff's Reply does not rebut (nor could it) that the amendment to allege a separate, statutory Wrongful Death claim subsumed all existing tort claims.

> **II. AMOUNT OF CLAIM**
> Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.
>
> ☐ $8,000 or less
> ☐ $8,001 - $30,000
> ☐ $30,001- $50,000
> ☐ $50,001- $75,000
> ☐ $75,001 - $100,000
> ☒ over $100,000.00

Ex. 1: ECF No. 4-1, Form 1.997.Civil Cover Sheet, Circuit/County Court of the 17th Judicial Circuit, Broward County, Florida, at Section II. In fact, the introductory paragraph to the Civil Cover Sheet explains that it, and the information contained in it, "neither replace nor supplement the filing and service of pleadings or other documents as required by law"—and reiterates that the form is only "for the purpose of reporting uniform data" under Florida statutes. *Id*. The document is irrelevant to the amount in controversy and the issue presently before the Court.[3]

      Defendants respectfully request that the Court deny Plaintiff's Renewed Motion to Remand (ECF No. 13) and for all other relief to which they are entitled.

                                       Respectfully submitted,

                                       */s/ Jordan S. Cohen*
                                       Jordan S. Cohen, Esquire
                                       Florida Bar No. 551872
                                       Victoria N. Sosa, Esquire
                                       Florida Bar No. 1031025
                                       WICKER SMITH O'HARA MCCOY & FORD, P.A.
                                       *Attorneys for Exact Sciences Laboratories, LLC and*
                                       *Exact Sciences Corporation*
                                       515 E. Las Olas Boulevard
                                       SunTrust Center, Suite 1400

---

[3] District Courts in the 11th Circuit have routinely rejected reliance on the civil cover sheet alone to prove the amount in controversy for purposes of removal. *Chase v. Holiday CVS,* 2022 WL 2135446, at *3 (S.D. Fla. May 13, 2022) (finding defendant failed to establish the jurisdictional threshold through reliance on civil cover sheet and plaintiff's alleged injuries in the complaint) (collecting cases).

Ft. Lauderdale, FL 33301
Phone: (954) 847-4800
Fax: (954) 760-9353
ftlcrtpleadings@wickersmith.com

*/s/ Taylor B. Mayes*
Taylor B. Mayes (*admitted pro hac vice*)
Butler Snow LLP
150 Third Avenue South, Suite 1600
Nashville, TN 37201
Taylor.mayes@butlersnow.com
Phone: (615) 651-6700

Nikita S. McMillian (*admitted pro hac vice*)
Butler Snow LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Phone: (601) 985-4540
Nikita.McMillian@butlersnow.com

*Attorneys for Defendants Exact Sciences Laboratories, LLC and Exact Sciences Corporation*

**CERTIFICATE OF SERVICE**

I certify that on this date I have filed a copy of the above and foregoing pleading electronically with the Clerk of Court using the CM/ECF system, which will serve notice to all counsel of record.

*/s/ Jordan S. Cohen*
Jordan S. Cohen

4