UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-62250-CIV-DIMITROULEAS

DOUGLAS ALMEIDA, Personal
Representative of the Estate of KHOEUN
ALMEIDA,

    Plaintiff,

v.

EXACT SCIENCES LABORATORIES,
LLC, and EXACT SCIENCES
CORPORATION,

    Defendants.
_____/

## ORDER REMANDING CASE TO STATE COURT

THIS CAUSE is before the Court upon the Plaintiff Douglas Almeida, as personal representative of the estate of Khoeun Almeida ("Plaintiff")'s Renewed Motion to Remand to State Court [DE 13] (the "Motion"), filed herein on December 13, 2023. The Court has carefully considered the Motion [DE 13], Defendants Exact Sciences Laboratories, LLC and Exact Sciences Corporation ("Defendants")'s Response [DE 14], Plaintiff's Reply [DE 16], Defendants' Sur-reply [DE 19], the record in this case, and is otherwise fully advised in the premises.

    A.  *Background*

On March 22, 2023, Plaintiffs Khoeun Almeida and Douglas Almeida filed a case styled *Khoeun Almeida, Individually, Douglas Almeida, Individually, and Khoeun Almeida and Douglas Almeida, as Husband and Wife v. Exact Sciences Corp.*, in the 17th Judicial Circuit in

1

and for Broward County, Florida, Case No. CACE-23-009458. *See* [DE 4-2].   On March 31, 2023, Plaintiffs amended the Complaint to add Exact Sciences Laboratories, LLC, as a Defendant. *See* [DE 4-3] (Plaintiffs' Amended Complaint for Damages). Both Defendants Exact Sciences Laboratories, LLC and Exact Sciences Corporation are citizens of Delaware and Wisconsin. *See* [DE 1].   In Plaintiffs' Amended Complaint for Damages, Plaintiffs did not specify an amount in controversy but merely asserted that the amount in controversy exceeded $50,000.00. *See* [DE 4-3].   Plaintiffs were alleged to be residents of Broward County at all material times. *See id.* Defendants were served on April 12, 2023. *See* [DE's 4-6, 4-7].

On May 15, 2023, Plaintiffs filed a Second Amended Complaint, adding two in-state (Florida) Defendants: Laura Ziton, D.O., and Central Medical Group, P.A. *See* [DE 4-14].[1] (Plaintiffs' Second Amended Complaint for Damages). Plaintiffs were alleged to be residents of Broward County at all material times. *See id.*

On July 11, 2023, following the death of Plaintiff Khoeun Almeida, Plaintiff Douglas Almeida, as Personal Representative of the Estate of Khoeun Almeida, filed the Third Amended Complaint, styled *Douglas Almeida, as the Personal Representative of the Estate of Khoeun Almeida v. Exact Sciences Laboratories, LLC, Exact Sciences Corp., Laura Ziton, D.O., and Central Medical Group, P.A. See* [DE 4-34]. (Plaintiffs' Third Amended Complaint for Damages).   Plaintiff was alleged to be residents of Broward County at all material times. *See id.*

On September 3, 2023, Plaintiff served answers to interrogatories on Exact Sciences Laboratories indicating that Khoeun Almeida and Douglas Almeida had resided in South

---

[1] On May 10, 2023, Plaintiffs filed a Motion to Amend the Complaint, requesting to add two in-state (Florida) defendants: Laura Ziton, D.O., and Central Medical Group, P.A. *See* [DE 4-11].   On May 12, 2023, the state court granted Plaintiffs' Motion to Amend. *See* [DE 4-12].   On May 15, 2023, Plaintiffs filed the Second Amended Complaint. *See* [DE 4-14].

Carolina since May 2021. *See* [DE 1-1] at 5-6.

On November 16, 2023, Plaintiff filed a Stipulation for Order of Dismissal With Prejudice as to Defendants Laura Ziton, D.O., and Central Medical Group, P.A. which the state court granted the same day. *See* [DE 4-123, 4-124]. Following that dismissal, the only remaining Defendants were Exact Sciences Laboratories, LLC, and Exact Sciences Corporation.

On November 27-28, 2023, Defendants filed a Notice of Removal and accompanying exhibits. [DE's 1, 4].   Therein, Defendants contended that the federal court had subject matter jurisdiction over this civil action under 28 U.S.C. §§ 1332 and 1441 on the grounds that the requirement of complete diversity of citizenship was met and that it was facially apparent from the Third Amended Complaint that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See* [DE 1].   Defendants asserted, in relevant part, that removal of this action to federal court was timely because Defendants removed the case within thirty (30) days of November 17, 2023, the date that the non-diverse Defendants Laura Ziton, D.O., and Central Medical Group, P.A. were dismissed from the state court action. *See* [DE 1] at p. 7.

Plaintiff filed the instant Motion seeking to remand the action to state court on the grounds that the removal was untimely pursuant to 28 U.S.C. § 1446(b), as the 30-day clock to remove under § 1446(b)(1) started on April 12, 2023, the date that Defendants Exact Sciences Laboratories, LLC and Exact Sciences Corporation were served with the Amended Complaint for Damages, and lapsed on May 12, 2023. Accordingly, Plaintiff contends that Defendants' removal of this action on November 27, 2023 was untimely. Additionally, Plaintiff argues that to the extent Defendants ground their removal in the "revival exception," Plaintiff asserts that the exception does not exist in the Eleventh Circuit and, moreover, would not apply to this case.

3

*B. Standard of Review*

The right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941). The removing party has the burden of demonstrating the propriety of removal. *Diaz v. Shepard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

Title 28 U.S.C. § 1446(b) gives a defendant 30 days to remove a case from when the defendant receives "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," or 30 days from when "it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The 30-day limit for the filing of the removal petition is mandatory. *See, e.g. Wagner v. Oerlikon USA, Inc.*, No. 8:08-cv-140-T-23MAP, 2008 WL 2262041, at *1 (M.D. Fla. May 30, 2008.).

Untimely removal is a procedural defect. *See In re The Uniroyal Goodrich Tire Co.,* 104 F.3d 322 (11th Cir. 1997). Therefore, a district court "must wait for a party's motion before remanding a case based on a procedural defect." *Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc.*, 254 F.3d 1317, 1321 (11th Cir. 2001). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." *See* 28 U.S.C. § 1447(c).

*C. Discussion*

Plaintiff timely moved for remand of this case within thirty days of removal of this action. Plaintiff seeks to remand the action to state court on the grounds that the removal was untimely pursuant to 28 U.S.C. § 1446(b), as the 30-day clock to remove under § 1446(b)(1) started on April 12, 2023, the date that Defendants Exact Sciences Laboratories, LLC and Exact

Sciences Corporation were served with the Amended Complaint for Damages, and lapsed on May 12, 2023. Plaintiff contends that both Defendants had the full thirty (30) days from April 12, 2023 to May 12, 2023 to remove what was then a removable case, but that they failed to do so.  Accordingly, Plaintiff contends that Defendants' removal of this action on November 27, 2023 was untimely.

In response, Defendants argue that, contrary to Plaintiff's position, this action was not removable under 28 U.S.C. § 1446(b)(1) based on the initial pleadings because there was insufficient information to support the amount in controversy to justify removal at that time. Rather, Defendants contend, this action only became removable under 28 U.S.C. § 1446(b)(3) when the in-state defendants were voluntarily dismissed on November 16, 2023 (the "other paper") and Plaintiff had added a separate statutory claim for wrongful death.  Accordingly, Defendants assert that their Notice of Removal was timely filed 11 days thereafter (November 27, 2023), within the 30-day window to remove.

"When the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citations omitted). *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (amount in controversy satisfied where it is "'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'")

"Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine

5

whether it is facially apparent that a case is removable. Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount.' Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am.*, 613 F.3d at 1061-62 (internal citations and quotations omitted); *see also, e.g., Packer v. Kimberly-Clark Worldwide, Inc.,* 608 F. Supp. 3d 1192, 1194 (M.D. Fla. 2022) (same).   "[T]he removing defendant can certainly rely on these tools in assessing the allegations of the complaint itself." *Gates v. 84 Lumber Co.*, No. CIV.A. 15-0076-WS-N, 2015 WL 2345427, at *1 (S.D. Ala. May 14, 2015).

Here, upon the Court's careful consideration of the parties' arguments and the allegations of the Amended Complaint [DE 4-3], the Court agrees with Plaintiff that it was facially apparent from the Amended Complaint that the amount in controversy exceeded the jurisdictional minimum.   The Amended Complaint alleges claims against Defendants for negligence and loss of consortium. *See* [DE 4-3].   The Amended Complaint alleges that Defendants negligently delayed providing positive colon cancer screening results to Plaintiff's physician from March 15, 2021 to December 23, 2021, a delay of nine (9) months. *See id.* The Amended Complaint alleges that in March 2023 (the month that the Amended Complaint was filed), Plaintiff was diagnosed with stage IV metastatic colon cancer with involvement of lungs and other organs. ¶ 29.   It alleges that Plaintiff is under the care of various specialists for the permanent and irreversible injuries she suffered as a result of the Defendants' negligence and will require future medical care and services with a reduced life expectancy. ¶ 30.   The Amended Complaint further alleges that:

6

> As a direct and proximate result of the negligence of the Defendant, the Plaintiff, Khoeun Almeida, suffered injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity of enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previous existing condition.  The losses are either continuing or permanent in nature, and the Plaintiff, Khoeun Almedia, will suffer the losses in the future.

[DE 4-3] at ¶¶ 34, 37.   Given the extremely serious and aggressive nature of colon cancer and the treatments involved, the Court would have to "suspend reality or shelve common sense" to conclude that the Defendants' alleged negligence in failing to report Plaintiff's positive colon cancer screening results to Plaintiff's physician for nine months, and the resulting physical and emotional injury to Plaintiff therefrom, including losing crucial treatment time when the colon cancer was at a lower stage of progression, does not exceed the $75,000 jurisdictional threshold. Accordingly, the 30-day clock to remove under § 1446(b)(1) started on April 12, 2023, the date that Defendants Exact Sciences Laboratories, LLC and Exact Sciences Corporation were served with the Amended Complaint for Damages, and lapsed on May 12, 2023. Defendants' removal of this action on November 27, 2023 was untimely.

Additionally or in the alternative, to the extent Defendants ground their removal in the so-called "revival exception,"[2]  the Court agrees with Plaintiff that the exception does not exist in the Eleventh Circuit and, even if it existed, would not apply to this case.   "The revival exception provides that a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *Johnson v. Heublein Inc.*, 227 F.3d 236, 241-42 (5th Cir.

---

[2] Defendants did not specifically raise the revival exception in their Notice of Removal. *See* [DE 1].   Defendants asserted in their Notice of Removal that removal of this action to federal court was timely because Defendants removed the case within thirty (30) days of November 17, 2023, the date that the non-diverse Defendants Laura Ziton, D.O., and Central Medical Group, P.A. were dismissed from the state court action. *See* [DE 1] at p. 7.

2000). The exception can arise (1) where the plaintiff deliberately misleads a defendant as to the true nature of the case until the 30-day period expires, or (2) "where an amended complaint 'fundamentally alters' the nature of the case to such an extent that it creates 'an essentially new lawsuit.'" *Doe v. Fl. Int'l Univ. Bd. of Tr.*, 464 F. Spp. 2d 1259, 1261 (S.D. Fla. 2006).

While some circuits have recognized this narrowly created judicially created exception to the thirty-day requirement of § 1446(b), the Eleventh Circuit has not adopted nor rejected it. *MSPA Claims 1, LLC v. Allstate Ins. Co.*, No. 16-21148-CIV, 2016 WL 11214705, at *3 (S.D. Fla. July 7, 2016). Further, this Court is inclined to agree with other district courts who have concluded that the Eleventh Circuit, if presented with the issue, would reject a "revival exception." As Judge Steele explained in *Daggett v. Am. Sec. Ins. Co.*:

> The Court doubts that a revival exception can be read into the clear dichotomy set forth in § 1446(b). Either a case is removable based on the initial pleading or it is not. If it is removable, defendant must do so within thirty days. Subsequent conduct can only affect removability if the case was not originally removable. If Congress had wanted to place a third window of opportunity for removal coinciding with certain kinds of amendments to existing actions, it could have done so.

*Daggett v. Am. Sec. Ins. Co.*, No. 208CV46FTM29DNF, 2008 WL 1776576, at *3 (M.D. Fla. Apr. 17, 2008). *See also Tucker v. Equifirst Corp.*, 57 F. Supp. 3d 1347, 1351 (S.D. Ala. 2014) ("The Court does not believe that the Eleventh Circuit would recognize a 'revival exception' to Section 1446(b)(1) were the question presented.").

To the extent the revival exception exists in the Eleventh Circuit, it does not apply here. The first condition is entirely inapplicable. There is no suggestion Plaintiff deliberately misled Defendants about the true nature of the case until the thirty-day period expired. The second condition is also inapplicable. The Court does not find that the July 11, 2023 Third Amended

8

Complaint [DE 4-34], which included allegations that Khoeun Almedia died in June of 2023, so fundamentally altered the nature of the case so as to create an essentially entirely new lawsuit against Defendants as compared to the March 31, 2023 Amended Complaint [DE 4-3], which alleged that Khoeun Almedia was diagnosed in March 2023 with stage IV metastatic colon cancer with involvement of lungs and other organs. Accordingly, the limited revival exception, to the extent it exists in the Eleventh Circuit, does not apply.

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion [DE 13] is hereby **GRANTED**; and

2. The Clerk is directed to **REMAND** this case to State court, **CLOSE** this case, and **DENY** all pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of January, 2024.

WILLIAM P. DIMITROULEAS
United States District Judge

cc:   counsel of record